**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT GARBER,

          Plaintiff-Appellant,

 v.

MOHAMMADI; et al.,

          Defendants-Appellees.

No.   14-56518

D.C. No.
2:10-cv-07144-DDP-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted March 5, 2018[**]

Before:   THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

    Robert Garber appeals pro se the district court's judgment, after a jury trial, in his 42 U.S.C. § 1983 civil rights action, alleging police use of excessive force in violation of the Fourth Amendment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court did not err in granting judgment as a matter of law on Garber's excessive force claim against Officer Hamed Mohammadi. *See* Fed. R. Civ. P. 50(a); *Reed v. Lieurance*, 863 F.3d 1196, 1204 (9th Cir. 2017). The evidence, including a police videotape, showed that officers' use of force in detaining and handcuffing and hobbling Garber and transporting him to a psychiatric hospital was objectively reasonable under the circumstances because his conduct posed an immediate threat to the safety of the officers, the public, and himself, and there was no evidence, such as medical records or photographs, of injury to Garber. *See Zion v. Cty. of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017).

The district court did not abuse its discretion in limiting the time for Garber's cross-examination of Officer Mohammadi. *See* Fed. R. Evid. 611(a); *Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1192 (9th Cir. 2005). The district court also did not abuse its discretion in admitting the police videotape. *See Cheffins v. Stewart*, 825 F.3d 588, 596 (9th Cir. 2016) (holding that evidentiary rulings will not be reversed absent abuse of discretion and showing of prejudice). Finally, Garber has established no prejudicial error in the conduct of discovery. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003).

**AFFIRMED.**